United States District Court
Southern District of Texas
**ENTERED**
November 02, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

RODRIGO VAZQUEZ,             §
Plaintiff                    §
                             §
v.                           §          Civil Action No. 1:20-cv-013
                             §
MICHAEL POMPEO,              §
Secretary of State,          §
Defendant                    §

## MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

The Court is in receipt of Defendant Secretary of State Mike Pompeo's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)" (hereinafter, Defendant's "Motion" or "Motion to Dismiss"). Dkt. No. 7. For the reasons provided below, it is recommended that the Court: (1) **GRANT** Defendant's Motion to Dismiss, in part; (2) **DISMISS** Plaintiff Rodrigo Vazquez's claim under 8 U.S.C. § 1503(a) pursuant to Fed. R. Civ. P. 41(a); (3) **DISMISS** this civil action for lack of jurisdiction; and, (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I. Background

Rodrigo Vazquez initiated this civil action by filing his "Complaint for Declaratory and Injunctive Relief" (hereinafter, Vazquez's "Complaint") on January 20, 2020. Dkt. No. 1. He challenges the denial of his passport application by the United States Department of State (hereinafter, the "State Department"). *Id.* at 1, 4-6. His Complaint states that this Court has jurisdiction pursuant to under 8 U.S.C. § 1503(a) and 28 U.S.C. § 1331. *Id.* at 1. In support of his Complaint, he asserts as follows:

1.  He is a citizen of the United States by acquisition.  *Id.* at 1.  He is a citizen by acquisition because his father, Cristo Angel Vazquez ("Cristo Angel"), is an American citizen by birth, who was physically present in the United States five years after turning 14, and ten years before Vasquez was born.  *Id.* at 1-2.

2.  He applied for a passport in June of 2014, as the "child born abroad of a U.S. citizen father[.]"  *Id.* at 2.  The State Department asked Vasquez to provide additional information in support of his passport application on April 8, 2014.  *Id.* at 3.  Vasquez responded with evidence, including DNA evidence showing that he was Cristo Angel's biological son.  On July 14, 2017, the State Department again asked Vasquez to provide additional evidence of his citizenship.  Vasquez provided additional evidence on August 4, 2014.  *Id.*

3.  On October 15, 2014, Vasquez sent the State Department a letter stating that he had no additional information to provide.  The letter requested a decision from the State Department by January 20, 2015.  *Id.*  On January 9, 2015, the State Department sent Vasquez a letter stating that it had denied his application because he had failed to prove, by a preponderance of the evidence, that he was a citizen by acquisition.  *Id.* at 3-4.  More specifically, the letter stated that he had failed to show that Cristo Angel was physically present in the United States five years after turning 14, and ten years before Vasquez was born. *Id.*

4.  The State Department's letter did not explain why it had denied Vasquez's application, but granted his older brother's application after reviewing identical or nearly identical evidence.  *Id.* at 4.  Vasquez's older brother, Benjamin Vazquez ("Benjamin"), had filed a passport application on March 14, 2014.  *Id.* at 2.  Like Vasquez, Benjamin claimed that he was a citizen by acquisition because his father, Cristo Angel, was an American citizen by birth who had been physically present in the United States five years after turning 14, and

ten years before Benjamin was born.  *Id*. at 2-3.  The State Department approved Benjamin's passport on May 22, 2014.  *Id*. at 2.

5.   The State Department erred when it denied Vasquez's application.  *Id*. at 4. Pursuant to 8 U.S.C. § 1503(a) ("Proceedings for declaration of United States nationality"), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, he is entitled to a declaratory judgment stating that he is a United States citizen.  *Id*. at 4-5.  He is also entitled to a review of the State Department's denial under the Administrative Procedures Act ("APA")[1] because its decision was arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A) and (F).  *Id*. at 5.  To compensate for the State Department's errors and to protect him going forward, he should also receive: an order directing the State Department to provide him with a passport, a permanent injunction preventing the State Department from denying him a passport in the future, attorney's fees, costs, and any other relief that is just and appropriate. *Id*. at 5-6.

Defendant filed his Motion to Dismiss on April 2, 2020.  Dkt. No. 7.  In brief, Defendant argues that: (1) Vazquez does not have a claim under the APA within this Court's jurisdiction; (2) Vazquez does not have a claim under the Declaratory Judgment Act within this Court's jurisdiction; and (3) this Court lacks jurisdiction under 8 U.S.C. § 1503(a) because Vazquez's § 1503(a) claim is time-barred.  *Id*. at 4-9.  Vazquez asserts, in his "Opposition to Defendant's Motion to Dismiss" (hereinafter, Vazquez's "Response"), that his § 1503(a) claim is not time-barred but states that the Court does not have jurisdiction under 8 U.S.C. § 1503(a) for a different reason.  Dkt. No. 10 at 1-8.  Further, because § 1503(a) does not provide him with an adequate remedy, Vazquez claims that he does have a claim under the APA.  *Id*. at 8-12.  For these reasons, he asks the Court to deny Defendant's Motion to

---

[1]  *See* 5 U.S.C. §§ 701-06.

Dismiss in part.  *Id.* at 12 ("It is therefore respectfully urged that while Plaintiff's cause of action under §1503(a) should be dismissed . . . his cause of action under the Administrative Procudure Act is valid, and Defendants' motion to dismiss be denied.") (errors in original). In his "Reply," Defendant urges the Court to reject this request and grant his Motion.  Dkt. No. 13 at 1-5.

## II.  Legal Standards

"Federal courts are courts of limited jurisdiction[.]"  *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)).  The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam) (citations omitted).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim.  *In re FEMA Trailer Formaldehyde Prods. Liab. Litig. (Miss. Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).  A court may dismiss an action for lack of subject-matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant Cty.*, 798 F.2d 736, 741 (5th Cir. 1986).

## III.  Discussion

**A.  Vazquez's Claim Under 8 U.S.C. § 1503(a)**.  Section 1503(a) of Title 8 of the United States Code provides that:

> If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States . . . . An action under this subsection may be instituted only within five years after the final administrative denial of such right or privilege[.]

8 U.S.C. § 1503(a).  Defendant contends that the State Department denied Vazquez's passport application on January 9, 2015.  Dkt. No. 7 at 4-5.  Pursuant to § 1503(a), Defendant asserts that Vazquez's five-year statute of limitations expired on January 9, 2020.  *Id*. Because Vazquez did not file his Complaint until January 20, 2020, Defendant argues that his claim under § 1503(a) is time-barred.  Further, Defendant argues that, because Vazquez's claim is time-barred, this Court lacks jurisdiction over the claim and must dismiss it under Rule 12(b)(1) of the Federal Rules of Civil Procedure.  *Id*. (citing *Gonzalez v. Limon*, 926 F.3d 186, 189 (5th Cir. 2019) and *Garcia v. Freeman*, 542 Fed. Appx. 354, 355 (5th Cir. 2013)).

In response, Vazquez claims that his § 1503(a) claim is not time-barred because *Gonzalez v. Limon*, and the other cases relied upon by Defendant, do not apply to his case. Dkt. No. 10 at 1-11.  Still, he also states that he may not proceed under § 1503(a).  Dkt. No. 10 at 1 (noting that Defendant is "correct that there is no jurisdiction under 8 U.S.C. §1503(a)").   In fact, he states that his "cause of action under §1503(a) should be dismissed[.]").  *Id*. at 12.  Because he has abandoned this claim, the Court should not address it and must dismiss it without prejudice.  *See* FED. R. CIV. P. 41(a)(1) and (2) (providing that a plaintiff may dismiss an action or claim voluntarily without a court order before the filing of an answer or motion for summary judgment; and, providing that the court may dismiss an action or claim at the plaintiff's request "on terms that the court considers proper.").

With the dismissal of Vazquez's § 1503(a) claim, the only claims remaining for consideration are his purported claims for relief under the APA and the Declaratory Judgment Act. *See* Dkt. No. 1 at 4-5.

**B. Vazquez's Claim Under the APA**.  Under the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.  In such circumstances, where the plaintiff is not seeking money damages, the APA acts as a waiver of the government's sovereign immunity, allowing the plaintiff to proceed in federal court to rectify agency action.  *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 260 (1999).  The APA only provides a path to recovery in situations where there is "no other adequate remedy in a court." 5 U.S.C. § 704.  *See also Lulac E. Park Place Trust v. U.S. Dept. of Hous. & Urban Dev.*, 32 F. Supp. 2d 418, 420 (W.D. Tex. 1998) ("[T]he APA excludes from its waiver of sovereign immunity . . . claims for which an adequate remedy is available elsewhere[.]").  Thus, a plaintiff may not sue under the APA unless other judicial remedies are unavailable.  *Cavazos v. Kerry*, No. 3:15-cv-0661-G, 2016 WL 4126142, at *4 (N.D. Tex. Aug. 3, 2016).

When a plaintiff has other adequate remedies which preclude him from proceeding with a claim under the APA, dismissal under Rule 12(b)(1) is appropriate.  *Villarreal v. Horn*, 203 F. Supp. 3d 765, 776 (S.D. Tex. 2016); *De la Garza Gutierrez v. Kerry, et al.*, No. 1:16-cv-00223 (S.D. Tex. Mar. 22, 2017); *Trader Properties, LLC v. United States*, No. G-14-254, 2015 WL 1208983, at *1-2 (S.D. Tex. Mar. 16, 2015).  "This determination appears to hinge on whether the alternative statutory remedies are 'adequate' to redress the injury alleged, although the alternative need not be 'more effective' than APA review." *Sanchez v. Clinton*,

No. H-11-2084, 2012 WL 208565, at *4 (S.D. Tex. Jan. 24, 2012), *aff'd*, 648 Fed. Appx. 386 (5th Cir. 2015), *cert denied*, 137 S. Ct. 65 (2015).

Vazquez argues that he is entitled to a review of the State Department's denial of his passport application under the APA because its decision was arbitrary, capricious, and contrary to law under 5 U.S.C. § 706(2)(A) and (F).  Dkt. No. 1 at 5.  In his Response, he stresses that review under the APA is especially important here because 8 U.S.C. § 1503(a) does not provide him with a remedy and no other judicial remedies are available.  Dkt. No. 10 at 7-12.[2]  He claims that § 1503 does not provide him with a remedy because the State Department did not make an affirmative finding that he lacked citizenship.  Rather, the State Department merely found that he had failed to provide enough evidence to prove his citizenship.  *Id*. at 1-2.  Specifically, he states that:

> §1503(a) does not allow an action where the denial is based on the ground that he has not *proven* that he is a U.S. national: *only where it is based on the ground that he is **not** a U.S. national.*  Actions under §1503(a) are not appropriate where, as here, the basis of the denial was that the person did not *prove* his U.S. citizenship.

*Id*. at 2-3 (emphasis and errors in original).

In making this argument, Vazquez appears to be asking this Court to interpret the claim-triggering provision of § 1503(a) in a new and different way because, just recently, the Government has been employing the limitations provision of § 1503(a) in a new and different way.  He states that § 1503(a) once provided an adequate remedy for individuals challenging the State Department's denial of their passport applications on the grounds of insufficient evidence.  Dkt. No. 10 at 5.  In fact, § 1503(a) actions challenging passport application denials on the grounds of insufficient evidence were "routine[.]"  *Id*. at 4.  This

---

[2]  As noted above, Vazquez originally asserted a claim under § 1503(a) in his Complaint, but then abandoned the claim in his Response, arguing that the claim should be dismissed for lack of jurisdiction. Dkt. No. 10 at 1, 12.

changed last year, he suggests, when the Court of Appeals for the Fifth Circuit issued *Gonzalez v. Limon*, 926 F.3d 186, 189 (5th Cir. 2019). *Id.* at 4-5. In *Gonzalez v. Limon*, the Fifth Circuit found that jurisdiction under 8 U.S.C. § 1503(a) was lacking because Gonzalez did not challenge the denial of her certificate of citizenship application under that provision within the five-year limitations period set forth in § 1503(a). *Id.* at 4 (citing *Gonzalez v. Limon*, 926 F.3d 186, at 189).

Although *Gonzalez v. Limon* involved the denial of a certificate of citizenship application, rather than a passport application, Vazquez notes that the Government has begun relying upon the ruling to obtain dismissals in cases like his. Dkt. No. 10 at 4-5. Specifically, the Government has begun moving to dismiss § 1503(a) actions challenging passport application denials where the passport applicant has failed to file suit within five years of the date that their first application was denied. This change has created hardship for passport applicants who have relied upon established legal procedures, as those procedures existed prior to *Gonzalez v. Limon*. *Id.* As Vazquez notes:

> Prior to *Gonzalez*, when a passport application was denied for insufficient evidence, another application could also be filed. If it was also denied, a § 1503(a) action could be filed within five years of the second denial. Unsuccessful applicants were not warned that if they wish to challenge a passport denial, they were required to do so within five years of the first denial of such an application. To the contrary, many denial letters affirmatively suggested filing a new passport application. *See, Hernandez v. Pompeo, supra.*
>
> In most cases, including the case at bar, the denial of a passport application is not a finding that the person is not a U.S. citizen, but only that the evidence is insufficient to prove U.S. citizenship. The ability to file another passport application, once additional evidence had been located, has been taken for granted for decades.

*Id.* at 5. Now that that the Government is arguing that *Gonzalez v. Limon* bars § 1503(a) actions like his, Vazquez asks this Court to find that he never had a § 1503(a) claim in the first instance because the State Department has never affirmatively found that he is not a

citizen.  *Id*. at 1-7.

Vazquez's argument is not overly persuasive, but it is compelling in one respect.  The plain language of § 1503(a) is consistent with Vazquez's interpretation.  In relevant part, § 1503(a) provides:

> If any person who is within the United States claims a right or privilege as a national of the United States and *is denied such right or privilege* by any department or independent agency, or official thereof, *upon the ground that he is not a national of the United States*, such person may institute an action under the provisions of section 2201 of Title 28 . . .

8 U.S.C. § 1503(a) (emphasis added).  As Vazquez notes, a State Department finding that a person is not a citizen is distinct from a State Department finding that a person has failed to prove that he is a citizen.  Dkt. No. 10 at 2.  It cannot logically be argued otherwise, although Defendant does try.  *See* Dkt. No. 13 at 2.

Nevertheless, accepting Vazquez's invitation to read the claim-triggering provision of § 1503(a) in this new way presents four main problems.  First, as Vazquez himself appears to admit, courts within this circuit have never read § 1503(a) this way.  *See* Dkt. No. 10 at 9 ("[W]hat Plaintiff is alleging involves an issue that has not previously been raised or adjudicated, and thus is not barred.").  Therefore, as noted more fully below, Vazquez's interpretation of § 1503(a) is not supported by the caselaw of this circuit.  Second, Vazquez has not shown how changing the way § 1503(a)'s limitations provision is interpreted necessitates a change in the way § 1503(a)'s claim-triggering provision is interpreted.

Third, employing Vazquez's interpretation of § 1503(a) would arguably create hardship for a whole other class of passport applicants.  That is, it would create hardship for those applicants who want to file suit under § 1503(a) within five years of their first denial, but who never receive an affirmative finding that they are not citizens.  Under Vazquez's reading of § 1503(a), these applicants could not file suit.  One could argue that those

applicants could merely keep at it until they received an affirmative pronouncement of non-citizenship.  But, even presuming the viability of this solution, requiring them to do so seems an unfair and unnecessary hurdle to impose upon applicants who present all existing evidence of their citizenship in their first application.  Vazquez points to no on-point authority that would allow the Court to eviscerate § 1503(a) in this way.

Fourth, Vazquez's argument is difficult to square with a recent Fifth Circuit decision. *See Martinez v. Pompeo*, No. 19-41041, 2020 WL 6018969, at *1-2 (5th Cir. Oct. 12, 2020). In *Martinez v. Pompeo,* the State Department denied Fernando Martinez's passport application in 2011 because he "failed" to provide adequate evidence of his citizenship.  *Id.* at *1 ("After reviewing the conflicting birth certificates, the State Department concluded that Martinez *failed to show* he was born in the United States.") (emphasis added).  Then, the State Department denied his second passport application in 2014 "for the same reason."  *Id.* Martinez filed suit challenging the State Department's 2014 decision under 8 U.S.C. § 1503(a) and the APA.  *Id.*  United States District Judge Rolando Olvera found that Martinez could not proceed under the APA because 8 U.S.C. § 1503(a) provided an adequate remedy. *Id.* (referencing *Martinez v. Pompeo*, No. 1:17-cv-00238, Dkt. No. 16 at 3 (S.D. Tex. Apr. 10, 2018)).

After the Fifth Circuit issued *Gonzalez v. Limon*, the Government moved to dismiss Martinez's claim under § 1503(a) on the grounds that it was time-barred.  *Martinez v. Pompeo*, No. 19-41041, 2020 WL 6018969, at *1.  Martinez responded by filing a motion to reinstate his APA claim.  *Id.*  In support of this motion, he conceded that *Gonzalez* applied and barred his § 1503 claim, but "argued that this meant there was no longer an 'adequate remedy in a court' for the challenged agency action other than the APA."  *Id.*  Judge Olvera disagreed and denied Martinez's motion to reinstate his APA claim.  *Id.* (referencing

*Martinez v. Pompeo*, No. 1:17-cv-00238, Dkt. No. 43 at 1 (S.D. Tex. Nov. 21, 2019)). Subsequently, he dismissed Martinez's claim under § 1503(a) as time-barred. *Id.* (referencing *Martinez*, No. 1:17-cv-00238, Dkt. No. 44 at 1 (S.D. Tex. Nov. 21, 2019)).

On appeal, Martinez argued that Judge Olvera erred in refusing to allow him to reinstate his APA claim. *Martinez*, No. 19-41041, 2020 WL 6018969, at *1-2. He stated that he must be allowed to challenge the denial of his passport application under the APA because § 1503(a) did not provide him with an adequate remedy. *Id.* at *2 ("Martinez contends that § 1503 is no longer an adequate remedy for the denial of his passport if the claim is time-barred under *Gonzalez*."). The Fifth Circuit found that his arguments lacked merit. *Id.* at *2-3. First, the Fifth Circuit explained that § 1503 provided Martinez with "an adequate alternative remedy" to challenge the 2014 denial of his passport application, even though his § 1503 action was now time-barred and no longer available to him. *Id.*

> We have previously held that 8 U.S.C. § 1503 supplied "an adequate alternative remedy" for challenges to failed passport applications, foreclosing APA relief. *Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019). The fact that Plaintiffs allowed the limitations period to run does not make § 1503 inadequate. We agree with our sister circuits' uniform conclusion that "[a] legal remedy is not inadequate for purposes of the APA because it is procedurally inconvenient for a given plaintiff, or because plaintiffs have inadvertently deprived themselves of the opportunity to pursue that remedy." *Town of Sanford v. United States*, 140 F.3d 20, 23 (1st Cir. 1998) . . . . Martinez's § 1503 claim is time-barred under *Gonzalez* [*v. Limon*, 926 F.3d 186, 189 (5th Cir. 2019)]. Therefore, the district court properly dismissed it. The time bar did not make Martinez's § 1503 remedy inadequate[.]

*Id.* (citations omitted; formatting altered). Second, the Fifth Circuit found that Judge Olvera did not err in refusing to allow Martinez to reinstate his APA claim because the APA claim would have been "futile[;]" therefore, it "would not have survived a renewed motion to dismiss." *Id.* at *3.

Like Vazquez, the State Department denied Martinez's passport application because he "failed" to provide adequate evidence of his citizenship. *Martinez*, No. 19-41041, 2020

WL 6018969, at *1.  *See also Martinez*, No. 1:17-cv-00238, Dkt. No. 2-1 at 103 (containing the State Department's July 23, 2014 letter stating that it was denying Martinez's passport application because the evidence he provided was "not sufficient to establish by a preponderance of the evidence that [he] was born in the United States.").  The State Department did not make an affirmative finding that Martinez lacked citizenship.  *Id*.  Neither Judge Olvera nor the Fifth Circuit found that this fact made § 1503(a) unavailable to Martinez.  *Martinez*, No. 19-41041, 2020 WL 6018969, at *1-2.  To the contrary, both Judge Olvera and the Fifth Circuit found that § 1503(a) supplied Martinez with an adequate alternative remedy to challenge the denial of his passport application, even when Martinez had waited too long to use that remedy.  *Id*.

Accordingly, Vazquez's argument, that he must be allowed to proceed with his APA claim because § 1503 does not provide him with an adequate remedy, runs contrary to the logic and holdings of *Martinez*.  *See Martinez*, No. 19-41041, 2020 WL 6018969, at *2 (noting that 8 U.S.C. § 1503 supplies "'an adequate alternative remedy' for challenges to *failed passport applications*, foreclosing APA relief.") (emphasis added, citation omitted).  *See also Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019) (plaintiff challenging the denial of his passport application could not proceed under the APA because § 1503 provided him with "an adequate alternative remedy," even though § 1503 was unavailable to him in the Southern District of Texas due to his failure to prove residency in the Southern District of Texas); *Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 ("This Court and other courts have repeatedly dismissed APA claims challenging the denial of a passport application or a passport revocation on grounds that the holder is not a U.S. national[.]"); *Tavera v. Harley-Bell*, No. 09-cv-0299, 2010 WL 1308800, at *3 (S.D. Tex. Mar. 31, 2010) ("8 U.S.C. § 1503(a) does indeed provide an adequate remedy to address Plaintiff's injuries such that review

under the APA is precluded."); *Ballin v. Kerry*, No. 1:2-121, 2013 WL 12142364, at *2 (S.D. Tex. Mar. 29, 2013) ("Numerous federal courts have held that § 1503(a) provides an adequate remedy for the denial of an application for a passport based on the applicant's failure to establish citizenship.").  Defendant's Motion to Dismiss Vazquez's APA claim should be granted.

**C.  Vazquez's Request for Relief Under the Declaratory Judgment Act**.

Vazquez states that he is entitled to a declaratory judgment under the Declaratory Judgment Act stating that he is a U.S citizen.  Dkt. No. 1 at 4-5 (citing 28 U.S.C. §§ 2201).  The Declaratory Judgment Act does not provide an independent basis for jurisdiction. *Cambranis v. Pompeo*, No. 5:19-CV-0238-JKP, 2020 WL 1447380, at *3 (W.D. Tex. Mar. 24, 2020) (citing *Medtronic, Inc. v. Mirowski Family Ventures, LLC*, 571 U.S. 191, 197 (2014); *Skelly Oil Co. v. Phillips Petroleum Co*., 339 U.S. 667, 671-72 (1950); *In re B-727 Aircraft Serial No. 21010*, 272 F.3d 264, 270 (5th Cir. 2001); *Northfield Ins. Co. v. Rodriguez*, 261 F. Supp. 3d 705, 708 (W.D. Tex. 2017)).  Thus, because Vazquez has abandoned his claim under § 1503(a), and he does not have a claim under the APA within the jurisdiction of this Court, this Court lacks jurisdiction over his request for Declaratory Judgment Act relief.  For all the foregoing reasons, this civil action should be dismissed without prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## IV.  Recommendation

It is recommended that the Court: (1) **GRANT** Defendant's Motion to Dismiss, in part; (2) **DISMISS** Plaintiff Rodrigo Vazquez's claim under 8 U.S.C. § 1503(a) pursuant to Fed. R. Civ. P. 41(a); (3) **DISMISS** this civil action for lack of jurisdiction; and, (4) **DIRECT** the Clerk of Court to **CLOSE** this case.

### V.  Notice to the Parties

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**SIGNED** on this 2nd day of November, 2020, at Brownsville, Texas.

_____
Ignacio Torteya, III
United States Magistrate Judge