Case 1:20-cv-00013   Document 21   Filed on 12/09/20 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 09, 2020
David J. Bradley, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| RODRIGO VAZQUEZ,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | Civil Action No. 1:20-cv-00013 |
| MICHAEL POMPEO, SECRETARY OF STATE,<br>Defendant. | §<br>§<br>§<br>§ | |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the "Magistrate Judge's Report and Recommendation" ("R&R") (Docket No. 19) and Rodrigo Vazquez's ("Plaintiff") "Plaintiff's Objections to the Magistrate Judge's Report and Recommendation" ("Objections") (Docket No. 20). After a *de novo* review of the record, the R&R is **ADOPTED**. Thus, the Court (1) **GRANTS** Defendant's Motion to Dismiss; (2) **DISMISSES** Plaintiff's claim under 8 U.S.C. § 1503(a) under FED. R. CIV. P. 41(a); (3) **DISMISSES** this civil action for lack of jurisdiction; and, (4) **DIRECTS** the District Clerk's Office to **CLOSE** this case.

### I.   BACKGROUND AND PROCEDURAL HISTORY

Plaintiff's "Complaint for Declaratory and Injunctive Relief" ("Complaint") challenges the denial of his passport application by the United States Department of State ("State Department") and alleges jurisdiction under 8 U.S.C. § 1503(a) and the Administrative Procedure Act ("APA"). Docket No. 1. The Secretary of State ("Defendant") filed "Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)" ("MTD"). (Docket No. 7). In "Plaintiff's Opposition to Defendants' Motion to Dismiss," Plaintiff concedes the Court lacks jurisdiction under 8 U.S.C. § 1503(a), but maintains the Court has jurisdiction under the APA. Docket No. 10. The Magistrate's R&R recommends granting Defendant's MTD for lack of jurisdiction. Docket No. 19.

### II.   DISCUSSION

"Federal courts are courts of limited jurisdiction[.]" *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). The party asserting jurisdiction "constantly bears the burden of proof" to show that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per

1

curiam) (citations omitted).  Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a court must dismiss a claim for lack of subject matter jurisdiction when it lacks the constitutional or statutory power to adjudicate the claim. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.* (Miss. Plaintiffs), 668 F.3d 281, 286 (5th Cir. 2012) (citing *Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

Under the APA, "[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.  Plaintiff's Objections allege a right to review under the APA because 8 U.S.C. § 1503(a) does not provide Plaintiff with a remedy and no other judicial remedies are available.  Docket No. 20.

Plaintiff's argument is contrary to the reasoning in *Martinez v. Pompeo*, when the Court found 8 U.S.C. § 1503 supplies "an adequate alternative remedy for challenges to *failed passport applications*, foreclosing APA relief."  No. 19-41041, 2020 WL 6018969, at *1-2 (5th Cir. Oct. 12, 2020) (emphasis added, citation omitted).  *See also Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019) (plaintiff challenging the denial of his passport application could not proceed under the APA because § 1503 provided him with "an adequate alternative remedy," even though § 1503 was unavailable to him in the Southern District of Texas because of his failure to prove residency in the Southern District of Texas); *Villarreal v. Horn*, 203 F. Supp. 3d 765, 773 ("This Court and other courts have repeatedly dismissed APA claims challenging the denial of a passport application or a passport revocation on grounds that the holder is not a U.S. national[.]"); *Tavera v. Harley-Bell*, No. 09-cv-0299, 2010 WL 1308800, at *3 (S.D. Tex. Mar. 31, 2010) ("8 U.S.C. § 1503(a) does indeed provide an adequate remedy to address Plaintiff's injuries such that review under the APA is precluded"); *Ballin v. Kerry*, No. 1:2-121, 2013 WL 12142364, at *2 (S.D. Tex. Mar. 29, 2013) ("Numerous federal courts have held that § 1503(a) provides an adequate remedy for the denial of an application for a passport based on the applicant's failure to establish citizenship."). Thus, the Court lacks jurisdiction over Plaintiff's claims.

### III.  CONCLUSION

The R&R is **ADOPTED**.  Defendant's MTD (Docket No. 7) is **GRANTED**.  Plaintiff's claims under 8 U.S.C. § 1503(a) are **DISMISSED**.  The Court **DISMISSES** this action for lack of jurisdiction.  The Court **ORDERS** the District Clerk's Office to close this case.

Signed on this \_\_\_6th\_\_\_ day of \_\_\_December\_\_\_, 2020.

_____
Rolando Olvera
United States District Judge